**Michael F. Fleming**
Associate
+1.212.309.6207
Michael.fleming@morganlewis.com

June 28, 2019

**Via ECF**

The Honorable Dora L. Irizarry, U.S.D.J.
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Kiler v. HP Inc.*, No. 1:19-cv-00917 (S.D.N.Y.)

Dear Judge Irizarry:

    This firm represents HP Inc. ("HP"), the defendant in the referenced action. HP intends to move to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Rule IV(A)(2) of the Court's Individual Motion Practice and Rules requires requests for pre-motion conferences before the filing of a motion for a change of venue, while Rule IV(A)(4) does not require such requests before the filing of Rule 12(b) motions. Out of an abundance of caution, and because HP anticipates moving for both forms of relief alternatively, we write to request both (i) a pre-motion conference; and (ii) that HP's deadline to respond to the complaint be extended to align with the briefing schedule the Court sets for the motion discussed in this letter. The bases for HP's anticipated motion to dismiss or transfer are outlined below.

## Background

    Plaintiff Mario Kiler sues HP for alleged violations of Title III of the Americans with Disabilities Act ("ADA") and analogous state and municipal laws arising out of HP's alleged "fail[ure] to design, construct, maintain, and/or own" the website, www.store.hp.com, in a manner that is accessible to individuals who are blind. Compl. ¶ 2; *see, e.g.*, *id.* ¶ 34 (alleging HP has "fail[ed] and refus[ed] to remove access barriers to the Website"); *id.* ¶ 40 (alleging Plaintiff cannot use the website "[d]ue to the Website's deficient design and coding"). Plaintiff alleges that she lives in Kings County, New York, *id.* ¶ 16, and that she "attempted to browse and purchase products on the Website in Kings County," *id.* ¶ 14. Plaintiff asserts her federal, state, and municipal law claims on her own behalf and on behalf of a putative class of "all legally blind individuals in the United States who have attempted to access the Website." *Id.* ¶ 21.

## Personal Jurisdiction

    Due process recognizes only two types of personal jurisdiction—general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). Neither form of personal jurisdiction is present in this case.

    *First*, general jurisdiction lies only in the forum where the defendant is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). Save in exceptional circumstances not present here, a corporation's home is limited to its "place of incorporation and its principal place of business." *Id.* at 137–38 & n.19; *see BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1558–59 (2017). For HP, New York is

neither of those places. HP is a Delaware corporation with its principal place of business in Palo Alto, California. The Court therefore lacks general jurisdiction over HP.

*Second*, specific jurisdiction lies only if the plaintiff's specific claims arise out of the defendant's contacts with the forum. *Bristol-Myers*, 137 S. Ct. at 1781. The defendant's own "suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 517 U.S. 277, 284 (2014). The inquiry is sharply "*defendant*-focused," such that specific jurisdiction cannot arise from "contacts between the *plaintiff* . . . and the forum." *Id.* (emphases added).

The only HP conduct alleged to give rise to Plaintiff's claims relates to the design and coding of www.store.hp.com. Compl. ¶¶ 2, 34, 40. Specifically, Plaintiff challenges HP's alleged failure to "design and cod[e]" the website to comply with certain web accessibility guidelines. *Id.* ¶ 40. The website was not designed or coded in New York; that work was done at HP's headquarters in California. That is the only alleged suit-related conduct by HP, so it is the only "*relevant* conduct" for specific jurisdiction purposes. *Bristol-Myers*, 137 S. Ct. at 1781 (emphasis in original). And because HP's allegedly "relevant conduct occurred entirely" outside New York, "the mere fact that [its] conduct affected [a] plaintiff[] with connections to [New York does] not suffice to authorize jurisdiction." *Id.* at 1781–82. Thus, that Plaintiff attempted to access the website from her home in New York is irrelevant to the analysis because Plaintiff's conduct is not HP's conduct. *See Walden*, 571 U.S. at 284 (relationship between defendant's suit-related conduct and the forum "must arise out of contacts that the defendant *himself* creates with the forum") (emphasis in original).

Recognizing these hurdles to specific jurisdiction, Plaintiff cites out-of-circuit decisions finding specific jurisdiction in other website accessibility cases. Compl. ¶ 15. Those decisions are unpersuasive because they are irreconcilable with the Supreme Court's holdings in *Walden*.

- In *Access Now, Inc. v. Sportswear, Inc.*, 2018 WL 1440315, at *4 (D. Mass. 2018), the court exercised specific jurisdiction because the *plaintiff* "*attempted to and intends to access* [the defendant's] website from within the forum." *Id.* at *4 (emphasis added). *Walden* forbids that analysis because it "impermissibly allows a *plaintiff's* contacts with the defendant and forum to drive the jurisdictional analysis." *Walden*, 571 U.S. at 289 (emphasis added).

- In *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), the court exercised specific jurisdiction because the plaintiff's alleged "harm—the denial of access to the website—occurred in the" forum. *Id.* at 292–93. But *Walden* holds that "mere injury to a forum resident," even if caused by the defendant, "is not a sufficient connection to the forum." *Walden*, 517 U.S. at 290. When, as in this case, the plaintiff would experience the same alleged harm in New York, "California, Mississippi, or wherever [the plaintiff] might have traveled," the location of that harm is jurisdictionally irrelevant. *Id.*

## **Forum Non Conveniens**

In the event the Court concludes it has personal jurisdiction over HP, this action should be transferred to the Northern District of California. This Court has discretion to transfer an action (i) to another district in which the action "might have been brought," (ii) so long as transfer promotes "the convenience of parties and witnesses" and is "in the interest of justice" 28 U.S.C. § 1404(a); *accord Chen v. Arts Nail Putnam Valley Inc.*, 2017 WL 3017712, at *2 (S.D.N.Y. July 14, 2017). Transferring this action to the Northern District of California readily satisfies both requirements.

*First*, an action "might have been brought" in any district where venue is proper. *See Farmer v. Fed. Bureau of Prisons*, 2015 WL 1439871, at *9 (E.D.N.Y. 2015) (Iizarry, J.). A district in which a corporate defendant is subject to personal jurisdiction is a proper venue. 28 U.S.C. § 1391(b)(1), (c)(2). Because its principal place of business is in Palo Alto, California, HP is subject to general personal jurisdiction in the Northern District of California. *See Daimler*, 571 U.S. at 137–39.

*Second*, whether transfer would "promote the convenience of parties and witnesses and would be in the interests of justice" is a "case-specific analysis" guided by a "non-exhaustive list of

factors, none of which is dispositive: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Farmer*, 2015 WL 1439871, at *9. The balance of these factors support transfer to the Northern District of California.

- **Factors 1, 3, 4, and 5.**  These are the most important factors, and they weigh in favor of transfer.  *See Chen v. Arts Nail Putnam Valley Inc.*, 2017 WL 3017712, at *3–4 (S.D.N.Y. 2017).  The website is designed, maintained, and operated by HP personnel who work out offices in California, Texas, Mexico, Singapore, and India, and that work is managed out of HP's headquarters in Palo Alto.  That is where the alleged actions that give rise to Plaintiffs' claims occurred.  And the relevant documents and witnesses are located there.

- **Factors 2, 7, and 9.**  These factors are in equipoise.  HP resides in California, while Plaintiff resides in New York, so neither forum is clearly more convenient than the other.  This Court and the Northern District of California are equally capable of resolving Plaintiffs' ADA claims and derivative state-law claims.  And trial would proceed just as efficiently in either forum.

- **Factor 6.**  HP is not aware of Plaintiff's means.  Plaintiff is represented by counsel who litigates in courts around the country.  *See Moore v. Trader Joe's Co.*, 2019 WL 914129 (N.D. Cal. 2019); *Vassigh v. Bai Brands*, 2015 WL 4328886 (N.D. Cal. 2015); *Bratton v. Hershey Co.*, 2018 WL 934899 (W.D. Mo. 2018);*Walker v. Sam's Oyster House, LLC*, 2018 WL 4466076 (E.D. Pa. 2018); *Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 13 (E.D. Pa. 2017).

- **Factor 8.**  As in any case, Plaintiff's choice of forum weighs in favor of the chosen forum.  However, the "degree of deference assigned to plaintiff's choice depends on the specific facts of the case and may be viewed as operating along a sliding scale." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003).  A greater connection between the action and the forum warrants greater deference to the plaintiff's choice and vice-versa.  *Id.*  The only connection between this action and this forum is the fact that Plaintiff lives in Kings County and called up the website from her home in Kings County.  That minimal connection, when all the challenged conduct occurred elsewhere, merits minimal deference to Plaintiff's choice of forum.  *See, e.g.*, *Cower v. Albany Law Sch.*, 2005 WL 1606057, at *3 (S.D.N.Y. 2005); *Ramos de Almeida v. Powell*, , 2002 WL 31834457, at *2 (S.D.N.Y. 2002); *Ring v. Exec. Jet Aviation, Inc.*, 2001 WL 492428, at *2 (S.D.N.Y. 2001); *Butcher v. Gerber Prod. Co.*, 1998 WL 437150, at *8 (S.D.N.Y. 1998).

In addition, the Terms of Use that govern access to and use of the website (http://www8.hp.com/us/en/terms-of-use.html) include a forum-selection clause providing that any suits arising from or relating to a user's user of the website must be brought in federal or state court in Santa Clara County, California.  A link to those terms appears on every page of the website, and the terms themselves are in plain text.  Plaintiff, who has filed dozens of lawsuits relating to websites, either had actual or constructive notice that her use of the website would be subject to those terms.

For all of these reasons, HP intends to move to dismiss for lack of personal jurisdiction or, in the alternative, to transfer this action to the Northern District of California, and respectfully requests a pre-motion conference.  Thank you for your time and attention to this matter.

Respectfully submitted,
/s/ Michael F. Fleming
Michael F. Fleming
*Attorney for Defendant*

cc: All Counsel of Record (via ECF)